DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:06 CR 594 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Eric Belk, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Counsel for the defendant has moved the Court to apply the Fair Sentencing Act of 2010 resulting in United States Sentencing Guideline Amendment 750 to the defendant and reduce his sentence accordingly.

On March 16, 2007, the defendant pled guilty to one count of conspiracy to distribute crack cocaine. As a part of the plea agreement, the defendant stipulated that the amount of crack cocaine was 170.7 grams (*see* ECF 356). As a part of the plea agreement, the parties agreed that the amount of cocaine equated to a base offense level of 34 under the relevant drug guidelines (*see* ECF 356).

In between the defendant's plea and sentencing, the Sentencing Commission lowered the sentencings guidelines which lowered the defendant's offense base level from 34 to 32 based on his 170.7 grams of crack cocaine. The plea agreement also stated that the parties agreed that the defendant be classified as a career offender thereby increasing his base offense level to 37.

During the sentencing hearing, Judge Aldrich, after giving a two-level reduction for acceptance of responsibility and a two-level reduction under the provisions of 5K1.1, resulting in

(1:06 CR 594)

a total offense level of 33, Judge Aldrich varied downward three levels resulting in a total offense level of 30. Because of the career offender provision, the defendant was a criminal history category VI with a sentencing guideline range of 168 to 210 months. Judge Aldrich imposed a sentence of 168 months. The defendant now, by motion, requests a reduced sentence based on the Fair Sentencing Amendment of 2010 and the judicial pronouncement under *Freeman v. United States*, 131 S.Ct. 2685 (2011).

The defendant notes that:

> Title 18 U.S.C. § 3582(c)(2) states that a defendant is legally eligible for a reduction of sentence under § 3582(c)(2) if: (1) the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) the amendment on which the defendant relies has the effect of lowering the defendant's applicable guideline range. See United States v. Hameed, 614 F.3d 259, 260 (6th Cir. 2010); United States v. Pembrook, 609 F.3d 381, 383-84 (6th Cir. 2010). Mr. Belk can satisfy both prongs; each will be addressed in turn.

Counsel for the defendant contends that his sentencing guideline range has been lowered to 130 to 162 months and requests the Court to impose a sentence of 130 months. Counsel for the government opposes the defendant's motion because the defendant was initially classified as a career offender. The government advocates the position that a defendant classified as a career offender is not eligible for application of Amendment 750.

The Court is of the view that the recent decision in *United States v. Jackson*, 678 F.3d, 442 (6th Cir. 2012) is controlling and the defendant is entitled to consideration for a reduction of his sentence.

The Court agrees with counsel for the defendant that the revised sentencing guidelines

(1:06 CR 594)

range is now 130 to 162 months, a total offense level 27 and a criminal history category VI.

Even though a defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction in sentence is not automatic.

A district court's discretion is set forth in Section 3582(c)(2) itself, which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant ... the court **may** reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  (Emphasis added.)

In making its determination whether it will impose an amended sentence or retain the original sentence, "the court shall consider the factors set forth in 18 U.S. C. § 3553(a)." U.S.S.G. § 1B1.10 Appl.  Note 1(B)(i).  The court must also evaluate public safety concerns:

U.S.S.G. § 1B1.10 Appl.  Note 1(B)(ii).  The court may, however, consider post-sentencing conduct:

> Post-sentencing Conduct - The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 Appl.  Note 1(B)(iii).  Whereas district courts are required to evaluate public safety considerations, district courts may consider post-sentencing conduct and certainly are not required to grant a defendant's sentence reduction, as that decision is discretionary.  18

(1:06 CR 594)

U.S.C. § 3582(c)(2); Usery, 109 F.3d at 1137.

The Court has reviewed the presentence report of the defendant Belk. The Court notes that his criminal history begins at paragraph 35 of the presentence report and is completed at paragraph 50. The calculation of the defendant's criminal history category included three points for trafficking in drugs (*se*e paragraph 50); three points for conviction for Vandalism (paragraph 41). The defendant also has a conviction for providing false information (paragraph 46). The defendant also has an additional conviction for aggravated robbery with a gun earning three criminal history points (paragraph 48) and an additional conviction for DWI. (Paragraph 49.) In short, the defendant has a history of violence giving rise to the safety concerns above described. After considering the defendant's criminal history, the materials submitted in his behalf by family members, including a statement by the defendant, the Court has come to the conclusion that a reduced sentence of 144 months will be appropriate and the Court will publish an order reducing his sentence to 144 months with supervised release for a period of six years.

    IT IS SO ORDERED.

|  August 8, 2012 | /s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr.<br>U.S. District Judge |